**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TONY ALEXANDER HAMILTON,

Petitioner - Appellant,

v.

MIKE CHABRIES, Executive
Director, Department of Corrections of
the State of Utah,

Respondent - Appellee.

No. 06-4145

(D. Utah)

(D.C. No. 2:03-CV-757-TS)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

Tony Alexander Hamilton was convicted in Utah state court on charges of

criminal trespass, attempted aggravated murder, aggravated assault, killing of a

police dog, and interfering with an arresting officer.  He sought relief in the

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

United States District Court for the District of Utah under 28 U.S.C. § 2254, and the district court denied the application.

Mr. Hamilton now requests a certificate of appealability (COA) to appeal the district court's denial of his application for relief. *See* 28 U.S.C. § 2253(c) (requiring COA to appeal denial of § 2254 application). He asserts before us claims alleging violations of (1) the Due Process Clause, (2) the Fourth Amendment, (3) the Fifth Amendment, and (4) the Establishment Clause. He also argues that (5) his warrantless arrest was unlawful; (6) law-enforcement authorities conspired to take him by force; (7) the trial judge was biased; (8) there remained factual disputes regarding the circumstances of the arrest, including the possibility that the police dog was killed for euthanasia purposes; (9) he should not have been convicted of criminal trespass because he owned the property; (10) the state was equitably estopped from charging him with criminal trespass; (11) a faulty jury instruction denied him his defense of self-defense; (12) insufficient evidence supported his convictions; and (13) he received ineffective assistance of counsel because his attorney failed to object to a jury instruction on self-defense, did not question witnesses regarding an allegedly fraudulent tax deed, and neglected to put on evidence regarding the police officer's training.

We deny a COA and dismiss the appeal.

## I.    BACKGROUND

Mr. Hamilton's religious group, the Fraternity of Preparation (Fraternity), purchased Vance Springs, a tract of property in Beaver County, Utah, where members of the Fraternity resided.  Because the Fraternity refused to pay property taxes, the county sold the tract in a tax sale, and title to the land was quieted in a series of default judgments.  Mr. Hamilton continued to squat on the land, being forcibly removed and convicted of criminal trespass on one occasion.  Upon release from his imprisonment on that conviction, however, he returned to Vance Springs.  On September 9, 1999, sheriff's deputies came to Vance Springs once again to evict Mr. Hamilton.  While resisting arrest, he shot a deputy, assaulted another deputy, and killed a police dog.  His convictions for those acts are the subject of this case.

Before the Utah Supreme Court, Mr. Hamilton challenged his conviction on several grounds:  (1) that the criminal-trespass conviction should have been dismissed because as a matter of law he was lawfully present on his own property (the tax sale having been invalid); (2) that the State should have been equitably estopped from prosecuting him for trespass because the State had acknowledged that the statute cited in the tax deed was incorrect; (3) that insufficient evidence supported his criminal-trespass conviction; (4) that insufficient evidence supported the trial court's decision to submit to the jury the charges of aggravated murder, aggravated assault, killing the police dog, and interfering with an

arresting officer; and (5) that the trial court erred in its jury instructions regarding self-defense and justification. *See State v. Hamilton*, 70 P.3d 111, 114, 117-24 (Utah 2003).

In his § 2254 application Mr. Hamilton reasserted those claims, and added several that he had not pursued in state court: (1) that he received ineffective assistance of counsel; (2) that he was arrested without a warrant; (3) that a conspiracy existed to take him by force; (4) that the state trial judge was biased; and (5) that factual disputes remained regarding the details of the arrest.

## II.    STANDARD OF REVIEW

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id*. If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was

-4-

correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further ." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that when a claim has been adjudicated on the merits in state court, a federal court will grant habeas relief only when the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the [Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, relief is provided only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. Thus we may not issue a habeas writ simply because we conclude in our independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir.2004) (internal quotation marks, brackets, and citations omitted). Therefore, for those of Mr. Hamilton's claims

that were adjudicated on the merits in state court, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir .2004).

## III.  DISCUSSION

We need not address the claims first raised by Mr. Hamilton in his application for a COA—alleged violations of due process, the Fourth and Fifth Amendments, and the Establishment Clause.  *See Parker v. Scott*, 394 F.3d 1302, 1307 (10th Cir. 2005) (claims raised for the first time on appeal are deemed to be waived).

The district court disposed of four of Mr. Hamilton's claims—that the arrest was unlawful, that a conspiracy against him existed, that the state trial judge was biased, and that there were factual disputes surrounding the circumstances of the arrest—on procedural grounds.  The court held that these claims were not exhausted in state court and would now be procedurally barred were they remanded to that court.  *See* Utah Code Ann. § 78-35a-106(1)(c) (2006) ("A person is not eligible for relief under this chapter upon any ground that . . . could have been but was not raised at trial or on appeal . . . .").  Accordingly, he could pursue those claims in federal court only by showing cause and prejudice or a fundamental miscarriage of justice.  *See Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000).  Because he made no attempt in district court to make such a

showing, the district court properly denied relief. No reasonable jurist could disagree with the decision of the district court on these matters.

The district court also ruled that one of the claims presented by Mr. Hamilton to the Utah Supreme Court was procedurally barred. The Utah Supreme Court had held that because Mr. Hamilton had failed to appear in the state-court quiet-title actions related to Vance Springs, he could not challenge title to the property in his criminal case. *See Hamilton*, 70 P.3d at 119. The district court noted that Mr. Hamilton had failed even to *argue* that grounds existed to overcome this procedural ground for denial relied upon by the Utah Court. *See Thomas*, 218 F.3d at 1221 ("This court may not consider issues raised in a habeas petition that have been defaulted in state court on an independent and adequate procedural ground unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." (internal quotation marks and brackets omitted)). The district court's ruling was correct, and could not be debated by reasonable jurists.

The district court did not address Mr. Hamilton's claim based on equitable estoppel, but we can readily determine that he is not entitled to relief on that ground. The Utah Supreme Court addressed the issue on the merits, and its analysis is eminently reasonable. *See Hamilton*, 70 P.3d at 119-20. In any event, the issue is not one of federal constitutional law, so we cannot grant a COA on that ground. *See* 28 U.S.C. § 2253(c)(2); *Thornburg v. Mullin*, 422 F.3d 1113,

1128-29 (10th Cir. 2005) ("Federal habeas review . . . is limited to violations of constitutional rights." (internal quotation marks omitted)).

The district court resolved Mr. Hamilton's other claims on the merits. It ruled that (1) the challenged jury instruction was correct; (2) the Utah Supreme Court did not incorrectly apply federal law in determining that the verdicts were supported by sufficient evidence; and (3) his counsel provided effective assistance. The district court's rulings could not be debated by reasonable jurists.

## IV.  CONCLUSION

We DENY Mr. Hamilton's application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge